11-2972-cv
Lust v. Nederlandse Programma Stichting

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of October, two thousand twelve.

PRESENT:   GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

_____

WILLEM LUST,
                     *Plaintiff-Appellant*,

          v.                                        No. 11-2972-cv

NEDERLANDSE PROGRAMMA STICHTING, CAREL KUYL,
in his individual and official capacity,
                     *Defendants-Appellees.*

_____

FOR APPELLANT:          DOUGLAS H. WIGDOR (David K. Reid, Lawrence M. Pearson, *on the brief*), Thompson Wigdor LLP, New York, New York


FOR APPELLEE:           HOWARD J. RUBIN (Gregg A. Gilman, Jason E. Pruzansky, *on the brief*), Davis & Gilbert, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Willem Lust ("Lust") filed suit against his employer, Nederlandse Programma Stichting ("NPS"), and supervisor, Carel Kuyl ("Kuyl"), alleging employment discrimination, retaliation, failure to engage in the accommodation process, and various violations of the New York State Human Rights Law and the New York City Human Rights Law. The district court (William H. Pauley III, *Judge*) granted defendants-appellees' motion to dismiss on forum non conveniens grounds. On appeal, Lust argues that the district court failed to give proper deference to his choice of forum and improperly balanced the private and public interest factors. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review a district court's dismissal of a complaint on forum non conveniens grounds – applying the three-step test of Iragorri v. United Technologies Corp., 274 F.3d 65, 71-75 (2d Cir. 2001) (en banc) – for clear abuse of discretion. Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005).

1.      Deference to Plaintiff's Choice of Forum

The first step is to determine the level of deference accorded to plaintiff's choice of forum. As a foreign plaintiff, Lust's choice of forum is entitled to less deference than would be a New York resident's, but it is entitled to deference to the extent it was motivated by

2

"legitimate reasons." Iragorri, 274 F.3d at 73. This deference is limited if there are indicia of forum-shopping. See Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 71 (2d Cir. 2003).

The district court determined that Lust was only a temporary resident in New York when he filed his complaint,[1] and noted that Lust did not need to file suit in New York in order to ensure jurisdiction over defendants. The court also noted that Lust appeared to have been motivated, at least in part, by a desire to secure contingency fees and the right to a jury trial. On these facts, the district court did not abuse its discretion when it assigned a low level of deference to Lust's choice of forum.

### 2. Adequacy of Alternative Forum

The second step of the forum non conveniens analysis is to determine whether the defendants' proposed forum is adequate. To show their alternative forum is adequate, defendants must show they are amenable to service of process there and that the forum can decide the subject matter of the dispute. Norex, 416 F.3d at 157; see also Aguinda v. Texaco, Inc., 303 F.3d 470, 476-77 (2d Cir. 2002). In this case, defendants are Dutch citizens amenable to service of process in the Netherlands, and have waived any objection to service of process there and any reliance on the statute of limitations.

Similarly, the district court determined, relying on Lust's own expert's testimony, that

---

[1] Lust argues that the district court erred by accepting appellees' characterization of the facts. District courts are permitted to consider and credit any evidence in the record, including affidavits, when ruling on motions to dismiss for forum non conveniens. Alcoa S.S. Co. v. M/V Nordic Regent, 654 F.2d 147, 158-59 (2d Cir. 1980); see also Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 531 (1947).

Dutch courts provide for a cause of action based on disability discrimination. Lust argues that the Netherlands is an inadequate forum because it lacks contingency fee arrangements, does not allow for awards of attorney's fees, and does not provide for a jury trial. Our precedent makes clear that an alternative forum need not provide procedures and causes of action identical to those in plaintiff's preferred forum. So long as it entertains causes of action encompassing the type of conduct covered by the cause of action in the United States, the alternative forum may be deemed adequate. Norex, 416 F.3d at 158. The differences Lust points to are insufficient to render the Netherlands an inadequate forum. See Murray v. British Broad. Corp., 81 F.3d 287, 292 (2d Cir. 1996) (lack of contingent fees); Blanco v. Blanco Indus. de Venez., S.A., 997 F.2d 974, 982 (2d Cir. 1993). Because we cannot say that these differences render Dutch remedies "tantamount to no remedy at all," Abdullahi v. Pfizer, Inc., 562 F.3d 163, 189 (2d Cir. 2009), we conclude that the district court did not abuse its discretion in finding the Netherlands an adequate forum.

3. Private Interest Factors

The final step in the analysis is to balance the private and public interest factors to determine whether they "tilt[] heavily in favor of the alternative forum." Id. Private interest factors include the comparative ease of obtaining evidence and witnesses' testimony in the two forums. Iragorri, 274 F.3d at 73-74. The district court considered the location of documents and witnesses and the fact that many of the relevant documents are in Dutch. The district court also considered the defendants' limited assets in the United States as evidence that a Netherlands action would be necessary in any event in order to enforce any judgment rendered here.

Lust points to the fact that a handful of his witnesses are in the United States, but the district court reasonably concluded that that interest was outweighed by the factors noted above and the additional expense of litigating in the United States. Finally, Lust's argument that, other than emails, the production of documents will not be burdensome is unconvincing because the emails themselves will need to be translated. It was therefore not an abuse of discretion for the district court to conclude the private interest factors tilted heavily toward litigation in the Netherlands.

4.      Public Interest Factors

The district court's balancing of the public interest factors was also not an abuse of discretion. The court below relied on Dutch courts' interest in deciding disputes between Dutch corporations and Dutch nationals. Lust challenges the district court's balancing by pointing to the interest of the United States in enforcing the Americans with Disabilities Act. While that interest is surely significant, it is weakest in the context of a dispute between a foreign national, who is not a U.S. resident,[2] and a foreign corporation with minimal presence here, both of whom are nationals of a country whose laws provide their own protection against disability discrimination. In any event, as part of the balancing test, the district court correctly considered that "the United States has an interest in enforcing the Americans with Disabilities Act even as to employees of foreign companies." We therefore cannot say the district court abused its discretion in balancing the public interest factors.

---

[2] The record strongly suggests that Lust, who at all times was on temporary assignment in the United States, intended to leave the United States soon after he filed this action. Cf. Martinez v. Bynum, 461 U.S. 321, 330-31 (1983) ("[R]esidence generally requires both physical presence and an intention to remain.").

5.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court